IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGIA COASTAL LAND CO. and ) <br> WILLIAM L. NUTTING ) <br> ) <br> ) <br> Defendants. ) | Civil Action No. 2:16-cv-60 |

## COMPLAINT

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Commanding Colonel with the United States Department of the Army Corps of Engineers (Corps), alleges as follows:

## NATURE OF THE ACTION

1.      This civil action arises out of Clean Water Act ("CWA") violations by Defendants Georgia Coastal Land Company ("Georgia Coastal") and William L. Nutting (collectively "Defendants") at the Crawford Subdivision in Long County Georgia and Defendants' failure to pay an associated Administrative Penalty Order.

2.      This action is commenced under section 309(g)(9) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(g)(9), to collect administrative penalties assessed against Defendants by the Corps under section 309(g)(1)(B) of the CWA, 33 U.S.C. § 1319(g)(1)(B), plus interest, attorneys' fees and costs, and a non-payment penalty.

3.      This action is also commenced under sections 309(b) and 404(s) of the CWA, 33 U.S.C. §§ 1319(b) and 1344(s), to obtain injunctive relief against Defendants for failing to

1

comply with a permit issued by the Corps and for causing discharges of pollutants without a permit. Specifically, the United States seeks an injunction requiring Defendants to restore the impacted site and purchase mitigation credits to mitigate the impacts of their unlawful activities.

4. The United States is providing notice of the commencement of this action to the State of Georgia.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to sections 309(b), (d), (g)(9) and 404(s) of the CWA, 33 U.S.C. §§ 1319(b), (d), (g)(9) and 1344(s), and 28 U.S.C. §§ 1331, 1345, and 1355.

6. Venue is proper in the Southern District of Georgia pursuant to section 309(b) and 404(s) of the CWA, 33 U.S.C. §§ 1319(b) and 1344(s), and 28 U.S.C. § 1391(b) and (c) because Defendants reside in and conduct business in this District, the events giving rise to these claims took place in this District, and the property that is the subject of the underlying CWA violations is located in this District.

## PARTIES

7. The Plaintiff in this action is the United States of America, and authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and CWA section 506, 33 U.S.C. § 1366.

8. Defendant William L. Nutting is the Chief Executive Officer and Registered Agent of Georgia Coastal, with a business address of 5074 U.S. Hwy 84 East, Ludowici, Georgia, 31316 and a home address of 1780 Mill Pond Road, SE, Ludowici, GA 31316. Defendant Georgia Coastal is a business entity registered in the State of Georgia, with a principal business address of Post Office Box 118, Ludowici, Georgia 31316. Defendant Georgia Coastal

is the owner of the site where Defendants discharged pollutants into waters of the United States in violation of permit conditions and limits or in violation of the CWA, as described in Paragraphs 29 through 59 below.

## LEGAL BACKGROUND

9. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" "[e]xcept as in compliance with," *inter alia*, a permit issued pursuant to section 404 of the CWA, 33 U.S.C. § 1344.

10. Section 502(5) of the CWA, 33 U.S.C. § 1362(5), defines "person" to include, *inter alia*, an "individual," "corporation," "partnership," or "association."

11. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged soil, rock, sand, and cellar dirt.

12. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

13. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

14. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

15. A wetland constitutes "waters of the United States" (also referred to in this Complaint as "jurisdictional waters") if it possesses a "significant nexus" to waters that are or were navigable in fact or could reasonably be made so, meaning "the wetlands, either alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of other covered waters more readily understood as

'navigable.'" *Rapanos v. United States*, 547 U.S. 715, 759, 780 (2006) (Kennedy, J. Concurring); *United States v. Robison*, 505 F.3d 1208, 1212 (11th Cir. 2007) (holding that Justice Kennedy's concurrence provides governing rule from *Rapanos*).

16. Section 404(a) of the CWA, 33 U.S.C. § 1344(a), authorizes the Corps to issue permits for the discharge of dredged or fill material into "navigable waters" at specified disposal sites.

17. Section 404(e) of the CWA , 33 U.S.C. § 1344(e), authorizes the Corps to issue the permits referenced above on a state, regional, or nationwide basis for certain categories of activities involving discharges of dredged or fill material.

18. Nationwide Permit 39 generally authorizes the discharge of dredged or fill materials into waters of the United States for, among other things, the construction of roads, provided that specified conditions are met and the prospective permittee files a preconstruction notification. 72 Fed. Reg. 11,092, 11,188-89 (Mar. 12, 2007) (2007 Final Rule). Proposed work may not proceed until the Corps provides authorization under a nationwide permit, which authorization may contain conditions. *Id*. at 11,169.

19. Once issued or authorized, CWA section 404 permits have the force of law.

20. Whenever the Corps finds that any person has violated a condition or limit in a permit issued under section 404 of the CWA, 33 U.S.C. § 1344, the Corps may assess an administrative penalty under section 309(g)(1), 33 U.S.C. § 1319(g)(1).

21. The recipient of an administrative penalty under section 309(g)(1) of the CWA, 33 U.S.C. § 1319(g)(1), may seek judicial review thereof pursuant to section 309(g)(8) of the CWA, 33 U.S.C. § 1319(g)(8).

22. If a recipient of an administrative penalty order fails to pay after the order

becomes final, section 309(g)(9) of the CWA, 33 U.S.C. § 1319(g)(9), authorizes the United States to bring a civil action in district court to recover the amount assessed, plus interest, attorneys' fees and costs for collection, and a quarterly non-payment penalty equal to 20 percent of the aggregate amount of penalties and non-payment penalties which are unpaid at the beginning of each quarter. In such action, "the validity, amount, and appropriateness of such penalty shall not be subject to review." 33 U.S.C. § 1319(g)(9).

23. The issuance of an administrative penalty order does not relieve the recipient of the pre-existing obligation to comply with the CWA or with the terms and conditions of a permit issued under section 404 of the CWA, 33 U.S.C. § 1344. 33 U.S.C. § 1319(g)(7).

24. Nationwide Permit 32 authorizes previously unauthorized dredged or fill material, allowing it to remain in place, in compliance with the terms of a settlement agreement that resolves violations of section 404 of the CWA, 33 U.S.C. § 1344, provided that the permittee complies with the terms of the settlement agreement. Authorization under Nationwide Permit 32 is automatically revoked if the permittee does not comply with the terms of the settlement agreement. 76 Fed. Reg. 9174, 9196 (Feb. 16, 2011); 77 Fed. Reg. 10184, 10219 (Feb. 21, 2012).

25. Section 404(s) of the CWA, 33 U.S.C. § 1344(s), authorizes the commencement of a civil action for appropriate relief, including temporary and permanent injunctive relief, against any person who violates any condition or limitation set forth in a permit issued by the Corps under section 404 of the CWA, 33 U.S.C. § 1344.

26. Liability for the violation of any condition or limitation set forth in a permit issued by the Corps under section 404 of the CWA, 33 U.S.C. § 1344, is strict and joint and several.

27. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including temporary and permanent injunctive relief, against any person who violates section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging dredged or fill material without, or without complying with, a permit issued by the Corps pursuant to section 404 of the CWA, 33 U.S.C. § 1344.

28. Liability for the violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a), is strict and joint and several.

## GENERAL ALLEGATIONS

29. The "Crawford Subdivision," a 382.92-acre housing development, is located North of Georgia Highway 84 and west of DeLoach Road in Long County, Georgia. The Crawford Subdivision is adjacent to Doctors Creek, a tributary of the Altamaha River in the Altamaha River Basin. The Altamaha River is a navigable-in-fact water.

30. In November 2006, P.C. Simonton and Associates, on behalf of Mr. Nutting and Georgia Coastal, filed a preconstruction notification with the Corps, seeking authorization under Nationwide Permit 39 to fill 0.48 acres of jurisdictional waters for the construction of three separate road crossings in the Crawford Subdivision (referred to in the Complaint as "Madison Avenue," "Coleman Pass," and "Johnston Street").

31. As part of the November 2006 application, P.C. Simonton and Associates, on behalf of Mr. Nutting and Georgia Coastal, included their own wetlands delineation showing that each of the three proposed road crossings was located in jurisdictional waters. Defendants' application materials acknowledged that each of the three proposed road crossings was located in jurisdictional waters.

32. The Corps assigned file number SAS-2006-00115 to the project.

6

33. On February 1, 2007, the Corps issued Defendants a permit verification, authorizing 0.48 acres of fill in jurisdictional waters under Nationwide Permit 39 subject to specified conditions and limits to mitigate the impacts of the proposed work. These conditions and limits required Defendants to record a restrictive covenant to protect specified conservation easement areas, to mark the easements during construction, and to purchase 14.1 wetland mitigation credits from a Corps-approved wetland mitigation bank.

34. Defendants did not record a restrictive covenant or mark the easement areas specified in the February 1, 2007 permit verification prior to commencement of the proposed project or any time thereafter.

35. In May 2008, Defendants filed a revised preconstruction notification, seeking authorization from the Corps to fill only 0.20 acres of jurisdictional waters for the construction of a single road crossing, Madison Avenue. Defendants claimed that due to a "slow down" in the housing market and economy, the originally authorized 0.48 acres of fill was not commenced.

36. On July 16, 2008, the Corps issued Defendants a revised permit verification to project SAS-2006-00115, authorizing 0.20 acres of fill under Nationwide Permit 39 subject to revised conditions and limits to mitigate the revised impacts of the proposed work. These revised conditions and limits required Defendants to purchase 16.6 wetland mitigation credits from a Corps-approved wetland mitigation bank prior to commencement of the proposed work. The revised conditions and limits did not require Defendants to record a restrictive covenant to protect conservation easement areas. (Attachment A).

37. The Corps' July 16, 2008 permit verification superseded its February 1, 2007 verification.

38. Between July 2008 and August 2013, Defendants or someone on Defendants'

behalf placed fill material in 2.25 acres of jurisdictional waters at three separate road crossings (Madison Avenue, Coleman Pass, and Johnston Street) and lot fills in the Crawford Subdivision. The fill exceeded the 0.20 acres authorized by the February 1, 2007 permit verification and was were placed at Coleman Pass and Johnston Street without Corps authorization.

39. Defendants did not purchase mitigation credits prior to commencing the work described in Paragraph 38 or any time prior to December 2014.

40. On August 2, 2013, the Corps determined that Defendants violated Nationwide Permit 39 by: (1) exceeding the scope of the Corps' July 16, 2008 permit verification by placing fill material impacting 2.25 acres of jurisdictional waters; and (2) failing to purchase the 16.6 mitigation credits required as a condition of the permit verification.

41. The Corps issued a Notice of Noncompliance to Defendants on August 9, 2013.

42. On March 24, 2014, the Corps issued Defendants a Class I administrative penalty order under section 309(g)(1) and (2) of the CWA, 33 U.S.C. § 1319(g)(1)-(2) ("Administrative Penalty Order" or "APO"), directing Defendants to pay $32,500 to the United States Treasury within 30 days.  (Attachment B).

43. On April 23, 2014, pursuant to section 309(g)(8) of the CWA, 33 U.S.C. § 1319(g)(8), Defendants filed a petition seeking judicial review of the APO in the United States District Court for the Southern District of Georgia. *Georgia Coastal Land Co. & William L. Nutting v. U.S. Army Corps of Eng's* (S.D. Ga. 4:14-cv-082-WTM, ECF No. 1).

44. In July 2014, the Corps and Defendants began discussing a possible resolution of the matter, and, in August 2014, filed a joint report to the Court requesting a period of time to continue settlement negotiations. *Georgia Coastal*, (S.D. Ga. 4:14-cv-082-WTM, ECF No. 11).

45. On December 4, 2014, Defendant William Nutting purchased the 16.6 mitigation

credits required as a condition of the Corps' July 16, 2008 permit verification. Defendants also engaged the services of an environmental consultant and began coordinating with the Corps to resolve the violations at the Crawford Subdivision.

46.     On January 14, 2015, Sligh Environmental Consultants, Inc., on behalf of Defendants, provided the Corps with the submittal package attached to this Complaint as Attachment C. The submittal package included a request for post-construction authorization under Nationwide Permit 32 for some portions of the previously unauthorized fill and a proposal to mitigate unauthorized impacts to jurisdictional waters through site restoration and the purchase of additional wetland mitigation credits.

47.     As part of the submittal package, Defendants acknowledged that they placed fill in jurisdictional waters without complying with conditions or limits set forth in a permit issued by the Corps. (Attachment C). Defendants further acknowledged that they placed fill in jurisdictional waters without authorization. (Attachment C).

48.     On May 6, 2015, the parties entered into an Administrative Agreement to resolve the Defendants' violations of the CWA at the Crawford Subdivision. (Attachment D). The Administrative Agreement required the Defendants to do the following within 60 days (i.e. by July 6, 2015): (1) purchase an additional 9.8 wetland mitigation credits from the Broxton Rocks Wetland Mitigation Bank to mitigate the impacts to wetlands beyond those authorized in the permit; and (2) restore the site at the two unauthorized road crossings according to specific requirements described in the Administrative Agreement. The Administrative Agreement further required Defendants to provide notice to the Corps of restoration within 30 days of completion, provide a minimum of three years' restoration monitoring according to specific requirements, take adaptive management measures if necessary at the end of the three-year period, and install

9

and maintain erosion and sedimentation control.

49.     In the Administrative Agreement, the Corps reserved the right to take enforcement action if William Nutting or Georgia Coastal failed to comply with any term or condition of the Agreement.

50.     Also on May 6, 2015, the parties entered into a judicial settlement agreement ("Settlement Agreement") resolving Mr. Nutting's petition for judicial review of the APO. (Attachment E). Under the Settlement Agreement, Defendants agreed to dismiss with prejudice their challenge to the APO. The Corps agreed to accept $17,500 to fully resolve the administrative penalty of $32,500, provided that Defendants completed their obligations under the Administrative Agreement. However, "[i]n the event [Defendants] do not complete all requirements set forth" in the Administrative Agreement "by the deadlines provided therein, the Corps' is released from its agreement . . . to accept $17,500.00 to fully resolve the penalty" of $32,500 as assessed in the APO.

51.     Defendants stipulated to the dismissal of their judicial challenge on May 11, 2015. *Georgia Coastal v. Corps*. (S.D. Ga. 4:14-cv-082-WTM, ECF No. 16). This Court dismissed the case with prejudice on May 12, 2015. *Id*. (ECF No. 17).

52.     On June 18, 2015, the Corps issued Defendants a revised permit verification to project SAS-2006-00115, authorizing, under Nationwide Permit 32, 0.35 acres of previously unauthorized fill at the Crawford Subdivision, on the condition that Defendants purchase the mitigation credits and conduct the site restoration as required in the Administrative Agreement by the deadlines therein. (Attachment F).

53.     Defendants did not fulfill their obligations under the Administrative Agreement to purchase 9.8 wetlands mitigation credits or to restore the site by July 6, 2015.

54. On July 8, 2015, a representative from the Broxton Rocks Wetlands Mitigation Bank informed the Corps that Defendants had not contacted the bank about wetlands mitigation credits and had not purchased the credits required under the Administrative Agreement.

55. On July 14, 2015, representatives of the Corps conducted a site inspection of the Crawford Subdivision and determined that the restoration work required under the Administrative Agreement had not been started or completed.

56. In July 2015, a representative of the Department of Justice contacted counsel for Defendants to inquire about the status of mitigation and restoration at the Crawford Subdivision. The Department of Justice was informed that Defendants were expected to fulfill their obligations in the near future.

57. On March 22, 2016, employees of the Corps and attorneys with the Department of Justice met with Mr. Nutting. Mr. Nutting acknowledged that Defendants had not met any of their obligations under the Administrative Agreement.

58. On March 29, 2016, the Corps, through its attorneys with the Department of Justice, informed Mr. Nutting that, in light of a temporary unavailability of mitigation credits at the Broxton Rocks Wetland Mitigation Bank, the Corps would accept mitigation credits from the Ohoopee River Mitigation Bank or the Wilkinson-Oconee Mitigation Bank to satisfy Defendants' mitigation credit obligation under the Administrative Agreement.

59. To date, Defendants have not fulfilled, in whole or in part, any of their obligations under the Administrative Agreement.

## COUNT I – FAILURE TO PAY ADMINISTRATIVE PENALTY

60. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 59.

61. On March 24, 2014, the Corps issued an Administrative Penalty Order, under section 309(g)(1) of the CWA, 33 U.S.C. § 1319(g)(1), directing Defendants to pay $32,500 for violating the scope and conditions in permit number SAS-2006-00115.

62. The Court's May 12, 2015 order, dismissing *Georgia Coastal*, (S.D. Ga. 4:14-cv-082-WTM) with prejudice, was a final judgment in favor of the Corps. *See* 33 U.S.C. § 1319(g)(9).

63. Defendants have failed to pay the civil penalty assessed in the APO.

64. Defendants have not completed any of the requirements set forth in the Administrative Agreement by the deadlines provided therein. Accordingly, under the express terms of the Settlement Agreement, the Corps is released from any obligation to accept $17,500 in lieu of the full $32,500 assessed in the APO.

65. Pursuant to section 309(g)(9) of the CWA, 33 U.S.C. § 1319(g)(9), the Corps is entitled to the $32,500 assessed in the APO, plus interest, attorneys' fees and costs, and a non-payment penalty equal to 20 percent of the aggregate amount of penalties and non-payment penalties that are unpaid at the beginning of each quarter, from June 12, 2015 through the date the outstanding amount is paid in full.

66. "[T]he validity, amount, and appropriateness" of the APO are not subject to review in this action. 33 U.S.C. § 1319(g)(9).

## COUNT II – VIOLATIONS OF NATIONWIDE PERMIT 32

67. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 66.

68. Within 60 days of issuance of authorization under Nationwide Permit 32, and at all times since, restoration of the site at Coleman Pass and Johnston Street as described in the

12

Administrative Agreement was not completed.

69. Restoration of the site at Coleman Pass and Johnston Street as described in the Administrative Agreement has not been conducted.

70. Defendants have not purchased the additional 9.8 wetland mitigation credits as required by the Administrative Agreement.

71. Authorization under Nationwide Permit 32 was in effect at the time Defendants failed to meet their obligations under the Administrative Agreement.

72. On July 6, 2015, Nationwide Permit 32 was violated.

73. These violations are attributable to Defendants.

74. Defendants are "persons" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

75. Defendants have violated a condition or limitation of a permit issued by the Corps pursuant to section 404 of the CWA, 33 U.S.C. § 1344.

76. Defendants are strictly and jointly and severally liable for injunctive relief and other appropriate relief under section 404(s) of the CWA, 33 U.S.C. § 1344(s).

## COUNT III – UNPERMITTED DISCHARGES

77. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 76.

78. Between July 2008 and August 2013, dredged or fill material was added from a discernible, defined, and discrete conveyance into approximately 2.25 acres of waters of the United States (specifically wetlands that possess a "significant nexus" to the Altamaha River, a traditional navigable water) at the Crawford Subdivision.

79. Defendants conducted, contracted for, supervised, or otherwise caused the

activities alleged in Paragraph 78 of this Complaint.

80. Of the activities alleged in Paragraph 78, the addition of dredged or fill material into 2.05 acres of waters of the United States was unauthorized because it exceeded the scope of activities authorized in the Corps' July 16, 2008 permit verification.

81. Nationwide Permit 32 was automatically revoked when Defendants failed to meet their obligations under that permit.

82. Defendants violated section 301(a) of the CWA, 33 U.S.C. § 1311(a).

83. The violations alleged in Paragraph 82 continued on each and every day between the time the fill was placed until the present.

84. Defendants are strictly and jointly and severally liable for injunctive relief and other appropriate relief under section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d).

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court order the following relief:

Assess Defendants civil penalties pursuant to the Administrative Penalty Order, plus interest, pursuant to section 309(g)(9) of the CWA, 33 U.S.C. § 1319(g)(9);

Award the United States attorneys' fees and costs, pursuant to section 309(g)(9) of the CWA, 33 U.S.C. § 1319(g)(9);

Assess Defendants a non-payment penalty pursuant to section 309(g)(9) of the CWA, 33 U.S.C. § 1319(g)(9);

Compel Defendants to undertake measures, at Defendants' own expense and at the direction of the Corps, to purchase 9.8 wetland mitigation credits to mitigate the impacts to wetlands beyond those authorized in a permit;

Compel Defendants to undertake, at Defendants' own expense and at the direction of the Corps, restoration of the site; and

Grant the United States such other relief as the Court may deem just and proper.

Dated:  April 25, 2016                         Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General

*/s/ Samara M. Spence*
SAMARA M. SPENCE
Tennessee Bar No. 031484
Samara.spence@usdoj.gov
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Telephone: (202) 514-2285

EDWARD J. TARVER
United States Attorney

*/s/ J. Thomas Clarkson*
J. THOMAS CLARKSON
Assistant United States Attorney
Georgia Bar No.: 656069
Post Office Box 8970
Savannah, Georgia  31412
Telephone: (912) 652-4422
Facsimile: (912) 652-4227
thomas.clarkson@usdoj.gov

*Counsel for the United States*

Of Counsel:

Paula Feldmeier
United States Army Corps of Engineers
Savannah District
Office of Counsel
100 W. Oglethorpe Ave.
Savannah, GA 31401